**UNITED STATES of America,**
**Appellee,**

v.

**Diego CORDOBA, Defendant–**
**Appellant.**

**No. 06–3030–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 20, 2008.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

Katherine R. Goldstein, Assistant United States Attorney (Michael Farbiarz, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Diego Cordoba appeals from the May 10, 2006 judgment of the United States District Court for the Southern District of New York (Karas, J.), convicting him, following a plea of guilty, of conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. § 846, and sentencing him principally to 70 months in prison and five years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Cordoba contends that the district court's sentence was substantively unreasonable. *See United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006) (holding that we review a district court's sentencing decision for reasonableness). Cordoba argues that he was merely an employee, not a partner, of his co-conspirator Ivan Santos and therefore the district court unreasonably sentenced him to the same prison term as Santos. While acknowledging that there was a question as to the relative

culpability of Santos and Cordoba, the district court nevertheless concluded that Cordoba was a partner in the distribution aspects of the conspiracy and that under the circumstances there was no reason to sentence the co-conspirators to different prison terms. The district court further concluded that a sentence of 70 months in prison, which was at the low end of the advisory Guidelines range after applying the safety valve, was an appropriate sentence in light of the court's concern over the seriousness of the offense, *see* 18 U.S.C. § 3553(a)(2)(A), and the need for deterrence, *see* 18 U.S.C. § 3553(a)(2)(B). Giving due respect to the district court's reasoned judgment, *see Gall v. United States*, — U.S. —, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we cannot conclude that the sentence was an abuse of discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.